UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GANDBOLD PARTNERS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>HERSHEY CHOCOLATE & CONFECTIONERY LLC and GRAY FALKON, LLC,<br><br>    Defendants. | No. 2:24-cv-07942-OEM-LGD |

## <u>MEMORANDUM IN SUPPORT OF DEFENDANT GRAY FALKON, LLC'S MOTION FOR ATTORNEY FEES</u>

128585349.3 0082945-00002

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... i

I.    PRELIMINARY STATEMENT .................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKROUND ........................................................ 2

      A.    GF's Motion to Dismiss for Lack of Personal Jurisdiction ................................... 3

      B.    GF's Motion to Dismiss for Lack of Subject Matter Jurisdiction ......................... 4

      C.    Gandbold Resolves Its Claims with Hershey........................................................ 5

III.  ARGUMENT............................................................................................................... 5

      A.    GF Is Entitled to an Award of Attorney Fees Due to Gandbold's Baseless
            Assertion of Personal Jurisdiction. ........................................................................ 6

      B.    GF Is Entitled to an Award of Attorney Fees Due to Gandbold's Frivolous
            and Vexatious Naming of GF as a Party in This Action........................................ 8

IV.   CONCLUSION............................................................................................................. 11

128585349.3 0082945-00002

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*4 Pillar Dynasty LLC v. New York & Co., Inc.*,
933 F.3d 202 (2d Cir. 2019)...................................................................................................5

*Allen v. Wright*,
468 U.S. 737 (1984)...............................................................................................................4

*Beekman Paper Co. v. National Paper Products*,
909 F.2d 67 (2d Cir. 1990)....................................................................................................7

*Boyer Works USA, LLC v. Spin Master Prods.*,
No. 1:21-cv-07468, 2022 WL 1266090 (S.D.N.Y. Apr. 28, 2022) ...................................4, 8, 9

*Camelot SI, LLC v. ThreeSixty Brands Grp. LLC*,
632 F. Supp. 3d 471 (S.D.N.Y. 2022)..................................................................................10

*CDC Newburgh Inc. v. STM Bags, LLC*,
692 F. Supp. 3d 205 (S.D.N.Y. 2023)...................................................................................10

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991).................................................................................................................5

*Coll. Essay Optimizer, LLC v. Edswell, Inc.*,
No. 14-CV-8586 LAK, 2015 WL 5729681 (S.D.N.Y. Sept. 30, 2015) ...................................4

*Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*,
No. 23-CV-7106 (LJL), 2025 WL 388401 (S.D.N.Y. Feb. 4, 2025)......................................3

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006)...............................................................................................................4

*Ganbold Partners, LLC v. Amazon.com Servs., LLC*,
No. 2:24-cv-07316-NJC-LGD, ECF 1 (E.D.N.Y. Oct. 18, 2024) ..........................................3

*Great Am. Fun Corp. v. Hosung N.Y. Trading, Inc.*,
No. 96-cv-2986(LAK), 1997 WL 129399 (S.D.N.Y. Mar. 21, 1997)....................................10

*ID Tech LLC v. Toggle Web Media LLC*,
No. 1:20-cv-05949-EK-RER, ECF 45 (E.D.N.Y. Oct. 10, 2023), *report and
recommendation adopted*, 2024 WL 1332725 (E.D.N.Y Mar. 28, 2024) ..............................10

*Lombardo v. Dr. Seuss Enters., L.P.*,
No. 16 Civ. 9974 (AKH), 2017 WL 1378413 (S.D.N.Y. Apr. 7, 2017)..................................9

ii

*Md. Cas. Co. v. Pac. Coal & Oil Co.*,
   312 U.S. 270 (1941).............................................................................................................4

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007).............................................................................................................4

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   572 U.S. 545 (2014).............................................................................................................5

*Penshurst Trading Inc. v. Zodax L.P.*,
   652 F. App'x 10 (2d Cir. 2016) ..........................................................................................10

*Preiser v. Newkirk*,
   422 U.S. 395 (1975).............................................................................................................4

*Saks v. Andreu, Palma, Lavin, & Solis, PLLC*,
   No. 24-CV-02045 (OEM) (CLP), 2025 WL 317516 (E.D.N.Y. Jan. 28, 2025).................6

*Sealy, Inc. v. Easy Living, Inc.*,
   743 F.2d 1378 (9th Cir. 1984) .............................................................................................2

*Snowbridge Advisors LLC v. ESO Capital Partners UK LLP*,
   589 F. Supp. 3d 401 (S.D.N.Y. 2022)..................................................................................6

*Wolters Kluwer Fin. Servs., Inc. v. Scivantage*,
   564 F.3d 110 (2d Cir. 2009)..................................................................................................5

**Statutes**

Copyright Act...............................................................................................................................10

Declaratory Judgment Act .............................................................................................................4

Lanham Act, 15 U.S.C. § 1117 ...........................................................................................2, 3, 5, 7, 10

**Rules**

N.Y. C.P.L.R. § 301.......................................................................................................................3

N.Y. C.P.L.R § 302................................................................................................................3, 6, 7

**Constitutional Provisions**

U.S. Const., art. III.........................................................................................................................4

128585349.3 0082945-00002

Defendant Gray Falkon, LLC ("GF") hereby moves this Court for an Order awarding attorney fees, submits this Memorandum in Support of its Motion for Attorney Fees, and provides the following grounds for granting the Motion.

## I.    PRELIMINARY STATEMENT

GF was never a proper defendant to this action. Plaintiff Ganbold Partners LLC ("Plaintiff," "Ganbold," or "Gandbold")[1] filed this action against Defendant Hershey Chocolate and Confectionery LLC ("Hershey") and GF seeking a declaration of noninfringement of the HERSHEY'S mark and asserting certain state law claims allegedly based on the removal of Plaintiff's listings from Amazon.com. As explained in GF's memorandum in support of GF's motion to dismiss, however, Plaintiff had no case or controversy fairly traceable to or redressable against GF because, *inter alia*, Hershey exclusively owns the HERSHEY'S mark.  Even if Gandbold had such a claim or controversy, this Court lacked personal jurisdiction over GF, a Utah company. ECF 21 ("Motion to Dismiss"). And, when GF called on Gandbold to account for frivolously naming it in this action, Gandbold voluntarily dismissed its claims against GF, in lieu of defending its baseless actions. ECF 24.

Indeed, Gandbold had already negotiated with Hershey to restore Gandbold's listings to Amazon. GF had no part in those negotiations and had nothing to offer Gandbold to resolve Gandbold's claims. Naming GF as a defendant in this case had no purpose but to harass GF with baseless allegations of personal jurisdiction and tort liability. Yet, GF undertook substantial effort to resist Gandbold's claims, including preparing and filing a motion to dismiss, which Gandbold dodged by dismissing its claims. Gandbold has not settled with GF and could refile its

---

[1] Gandbold has identified itself as "Gandbold Partners LLC" in this action despite its business filings and Amazon sellers account page instead listing "Ganbold Partners LLC," without the "d," as its proper title. All references to "Ganbold," "Gandbold," or "Ganbold Partners LLC" in this brief or any future filings or letters by GF refer to the Plaintiff in this action.

claims against GF at any time. Thus, this is an "exceptional case" warranting an award of attorney fees under the Lanham Act and under this Court's inherent power to sanction frivolous and vexatious litigation.

## II.     FACTUAL AND PROCEDURAL BACKROUND

GF is a Utah company with its principal place of business in Utah. ECF 1 ("Complaint") ¶ 7; ECF 22 (Declaration of Brandt Madsen in Support of Motion to Dismiss ("Madsen")) ¶ 3. GF provides software as a service for identifying, monitoring, and acting against intellectual property and other violations on the internet. Madsen ¶ 5. GF has no offices or employees in New York. *Id*. ¶ 3. Hershey engaged GF's services for the HERSHEY'S mark on ecommerce platforms, including Amazon.com. *Id*. ¶ 6.

Amazon.com's policies for sellers on its platform include respecting the intellectual property rights of others, and Amazon.com provides several reporting tools for owners of intellectual property rights to alert Amazon.com of any violations of this policy. *Id*. ¶ 7, Exhibit 1. Amazon.com reserves the right to remove or restrict any seller on its platform that violates the intellectual property rights of others or otherwise violates Amazon.com's policies. *Id*. Plaintiff has no cognizable claim against GF but appears to allege that Amazon.com's restriction of Plaintiff's seller account on Amazon.com was a tortious act by GF because GF, at Hershey's instruction, used Amazon.com's reporting tools to report violations of Hershey's trademark rights by Plaintiff. Complaint ¶¶ 59-70.

Plaintiff is in the business of acquiring and reselling consumer products, including on Amazon.com. Complaint ¶¶ 17-18. Hershey instructed GF to use Amazon.com's reporting tools to report certain of Plaintiff's Amazon.com listings ("Plaintiff's Listings") as violating Amazon.com's policies. Madsen ¶ 9. Such violations included, without limitation, improper

-2-

presentation of the HERSHEY'S mark, unauthorized bundling of HERSHEY'S branded products with non-Hershey products, and false advertising of the bundled goods as HERSHEY'S branded bundles. *Id.*; *see, e.g.*, *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1382 (9th Cir. 1984) (affirming injunction against defendant's promotion of its nonbranded and/or branded foundations in combination with the plaintiff's SEALY branded mattresses). As requested by Hershey, GF reported the violations to Amazon.com, and Amazon.com removed certain of Plaintiff's Listings based on the reports. Madsen ¶ 12. Plaintiff sued Amazon.com. *Ganbold Partners, LLC v. Amazon.com Servs., LLC*, No. 2:24-cv-07316-NJC-LGD, ECF 1 (E.D.N.Y. Oct. 18, 2024). Plaintiff subsequently brought this action on November 14, 2024.

Plaintiff's Listings identified Plaintiff's location as Wyoming. Madsen ¶ 10, Exhibit 2. GF did not know that Plaintiff claimed to operate in New York, and GF had no reason to expect that its actions would have consequences in New York. *Id*. Plaintiff alleges that GF is in Utah and that GF filed the complaints with Amazon.com, under penalty of perjury, alleging that Plaintiff violated the HERSHEY'S mark. Complaint ¶¶ 7, 16, 45, 48. Plaintiff made no other allegations against GF. Accordingly, GF filed the Motion to Dismiss (ECF 21) on grounds that Gandbold's claims lack subject matter jurisdiction and personal jurisdiction over GF. In response to the Motion to Dismiss, Gandbold voluntarily dismissed its claims.

### A.   GF's Motion to Dismiss for Lack of Personal Jurisdiction

Courts may exercise personal jurisdiction over nondomiciliary defendants through New York's long-arm statute and, to the extent the long-arm statute would violate Due Process, within the limits of constitutional Due Process. *Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, No. 23-CV-7106 (LJL), 2025 WL 388401, at *6 (S.D.N.Y. Feb. 4, 2025); *see also* N.Y. C.P.L.R. §§ 301 (general personal jurisdiction), 302 (for specific personal jurisdiction). "In litigation arising under a federal statute that does not contain its own jurisdictional provision, like the

128585349.3 0082945-00002

Lanham Act, a federal court sitting in New York has personal jurisdiction over a defendant if (1) New York law confers jurisdiction over that defendant, and (2) the assertion of personal jurisdiction under New York law would comport with due process." *Coll. Essay Optimizer, LLC v. Edswell, Inc.*, No. 14-CV-8586 LAK, 2015 WL 5729681, at *3 (S.D.N.Y. Sept. 30, 2015). In moving to dismiss for lack of personal jurisdiction, GF showed that personal jurisdiction over GF is not permitted under New York's long-arm statute or under Due Process. ECF 21, 14-24.

### B.        GF's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are prohibited from rendering advisory opinions; thus, federal court jurisdiction under both the Declaratory Judgment Act and Article III of the Constitution requires a "case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401-02 (1975); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007); *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). "The requisite elements of [Article III] standing are familiar: 'A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 333 (2006) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). A claim for declaratory judgment of noninfringement of a trademark is not "fairly traceable" to or redressable against any party but the owner of the trademark. *See Boyer Works USA, LLC v. Spin Master Prods.*, No. 1:21-cv-07468, 2022 WL 1266090, at *4 (S.D.N.Y. Apr. 28, 2022) (dismissing claims for lack of subject matter jurisdiction and holding that Plaintiff's alleged loss of business on Amazon.com was "only fairly traceable to the owner of the property rights at issue" and "could only be redressed by relief ordered against [the trademark owner]"). In moving to dismiss for lack of subject matter jurisdiction, GF showed that Plaintiff's claims against GF, like the claims dismissed in *Boyer Works*, fail for lack of subject matter jurisdiction. ECF 21, 11-13.

-4-

### C.    Gandbold Resolves Its Claims with Hershey.

Gandbold pursued settlement with Hershey. *See* ECF 18. Hershey instructed GF to retract the violations reported to Amazon.com for the Plaintiff's Listings. Madsen ¶ 13. GF neither is, nor was, a party to the negotiations between Hershey and Plaintiff, and has no power to enforce (or not enforce) the HERSHEY'S mark, except as an agent of Hershey pursuant to and in accordance with Hershey's instructions. *Id.* ¶ 14. Thus, Plaintiff's claims will be fully and fairly resolved between Hershey and Plaintiff, without any input from GF.

## III.    ARGUMENT

Courts possess the inherent power to issue sanctions, including attorneys' fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991). Such sanctions are appropriate where "the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).

In trademark disputes under the federal Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117. The district court has "broad discretion" to award attorney fees to the prevailing party in exceptional cases following a "'case-by-case exercise of their discretion.'" *4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 216 (2d Cir. 2019) (citation omitted). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

-5-

128585349.3 0082945-00002

A.    **GF Is Entitled to an Award of Attorney Fees Due to Gandbold's Baseless Assertion of Personal Jurisdiction.**

As set forth in GF's Motion to Dismiss (ECF 21 at 14-21), Gandbold alleges no facts that could confer personal jurisdiction over GF. The Complaint alleges that false statements were made by GF (a Utah company) through Amazon.com (a Washington company) on behalf of Hershey (a Pennsylvania company) and directed at Gandbold (a Wyoming company). Complaint ¶¶ 5, 6, 7, 16, 45. When GF reported the violations to Amazon.com, as Hershey requested, Plaintiff's Listings identified Plaintiff's location as Wyoming. Madsen ¶ 10, Exhibit 2. GF did not know that Plaintiff claimed to operate in New York, and GF had no reason to expect that its actions would have consequences in New York. *Id.*

Gandbold's allegations regarding personal jurisdiction over GF are conclusory and inconsistent with the alleged facts. Complaint ¶¶ 11-12. Like the plaintiff in *Snowbridge Advisors LLC v. ESO Capital Partners UK LLP*, Plaintiff "states in conclusory fashion" that GF "does business in New York."[2] Complaint ¶ 11; 589 F. Supp. 3d 401, 415 (S.D.N.Y. 2022) (dismissing action against two defendants where the complaint did not "contain sufficient (or any) factual allegations that either [defendant] derives substantial revenue from interstate or international commerce"). GF does not derive substantial revenue from New York or from commerce such that it could reasonably expect to be hauled into court in New York, a state where it has no employees and no offices. Madsen ¶¶ 3-4; *see* Motion to Dismiss at 14-21.

*Plaintiff* is the only possible link from this dispute to New York, and that cannot support personal jurisdiction over *GF*. Plaintiff alleges that it has "an address" in Oceanside, New York, but this does not support personal jurisdiction over GF in New York. *E.g., Saks v. Andreu,*

---

[2] Gandbold does not even plead that GF "regularly" conducts business in New York, as is required under § 302(a)(3).

128585349.3 0082945-00002

*Palma, Lavin, & Solis, PLLC*, No. 24-CV-02045 (OEM) (CLP), 2025 WL 317516, at *1-2, *5 (E.D.N.Y. Jan. 28, 2025) (granting motion to dismiss where "[t]he only connection to New York in this action appears to be [p]laintiff's residence in New York"). Yet, Plaintiff is not even at home in New York. Plaintiff is not registered to do business in New York either under its actual name, the misspelled name in the Complaint, or its Amazon seller account name "Since 1901." Madsen ¶ 15, Exhibit 4; Motion to Dismiss at 18. Plaintiff's only registered agent for service of process is located in Cheyenne, Wyoming. Madsen ¶ 11, Exhibit 3, pp. 1, 7. Plaintiff's seller information on Amazon.com provides a Wyoming address. Madsen ¶ 10, Exhibit 2. When GF pointed out these shortcomings to the Court in GF's Motion to Dismiss (ECF 21), Plaintiff made no response but instead dismissed GF from the case.

In *Beekman Paper Co. v. National Paper Products*, the U.S. Court of Appeals for the Second Circuit granted an award of attorney fees against the plaintiff for frivolous allegations of personal jurisdiction. 909 F.2d 67, 69-70 (2d Cir. 1990). The district court had denied defendants' motion for attorney fees because "the action was disposed of promptly and with little effort or expense." *Id.* at 69. Reversing, the Second Circuit explained as follows: "The pertinent statute in this case is New York's long-arm statute, N.Y.Civ.Prac.L. & R. 302(a) (McKinney 1990). It is inconceivable that this statute, however liberally construed, could confer jurisdiction over parties for whom the record reveals, and Beekman's complaint pleads, absolutely no relevant contacts with New York. The argument for personal jurisdiction over them is patently frivolous." *Id.* The court remanded to the district court for a determination of the appropriate amount of attorney fees to be awarded. *Id.* at 70. *Beekman Paper* is instructive because Plaintiff, like the plaintiff in *Beekman Paper*, has alleged "absolutely no relevant contacts with New

128585349.3 0082945-00002

York" and "[i]t is inconceivable that this statute [New York's long-arm statute] . . . could confer jurisdiction" over GF. *Id.* at 69.

Awarding attorney fees to GF is a fitting and just sanction, under *Beekman Paper*, for Gandbold's unfounded allegations of personal jurisdiction, which also make this case "exceptional" under the Lanham Act.

**B.      GF Is Entitled to an Award of Attorney Fees Due to Gandbold's Frivolous and Vexatious Naming of GF as a Party in This Action.**

This case is also exceptional because Gandbold never had a claim against GF. Plaintiff's dispute is with Hershey alone. Plaintiff's alleged injury arises from reported violations by Plaintiff of the HERSHEY'S mark on Amazon.com. Complaint ¶¶ 59-70. In accusing Plaintiff of violating Hershey's trademark rights on Amazon.com, GF acted as Hershey's agent. Madsen ¶ 14. GF's role in reporting the Plaintiff's Listings to Amazon.com was ministerial. *Id.* ¶¶ 9, 12-14. Hershey retained sole decision-making authority for reporting Plaintiff's Listings for violations of the HERSHEY'S mark. *Id*. GF had (and has at all relevant times) no power of its own to assert (or retract) the HERSHEY'S trademark rights. *Id*. ¶14. Thus, Plaintiff's alleged injuries are not "fairly traceable" to GF any more than a message could be attributed to the messenger who delivered it. *Boyer Works*, 2022 WL 1266090, at *4.

Similarly, Plaintiff's alleged injuries are not redressable against GF. The tools of Amazon.com for reporting violations of intellectual property rights are not maintained or controlled by GF but rather by Amazon.com. Access to Amazon.com's reporting tools is not restricted to GF but is available to the owners of intellectual property rights, including Hershey. Madsen ¶¶ 7-8, Exhibit 1. Hershey can engage, and at times has engaged, services other than those provided by GF for reporting intellectual property rights violations to Amazon.com. *Id.*

128585349.3 0082945-00002

¶ 8. Thus, no relief against GF could prevent the alleged misconduct, namely reporting Plaintiff's Listings to Amazon.com as violating the HERSHEY'S mark. Complaint ¶¶ 59-70.

In *Boyer Works*, as in this case, the plaintiff sued Spin Master and related entities, alleging harm from the assertion of Spin Master trademarks against plaintiff's listings on Amazon.com. The Court dismissed all defendants from the case for lack of subject matter jurisdiction, except for the owner of the asserted Spin Master mark (SMTUK):

> Plaintiff, through its loss of business on Amazon.com, has plainly suffered an economic injury-in-fact, but that injury is only fairly traceable to the owner of the property rights at issue. Plaintiff's injury could only have been caused by SMTUK because only SMTUK could assert and enforce its rights. Moreover, Plaintiff's injury could only be redressed by relief ordered against SMTUK. Accordingly, the motion to dismiss is granted as to all legally-existing Defendants, save SMTUK, for lack of subject-matter jurisdiction.

*Boyer Works*, 2022 WL 1266090, at *4. Similarly, Plaintiff's alleged injuries here are not fairly traceable to GF because the source of the alleged injuries is the trademark registration owned by Hershey. In facilitating the notice of infringement to Amazon.com, GF did not act independently but only at the direction of Hershey. Madsen ¶¶ 9, 12. As in *Boyer Works*, Plaintiff's alleged injuries could not be redressed by relief against anyone but the trademark owner. Relief against any other party would not hinder Hershey from asserting its trademark registration against Plaintiff.[3] Accordingly, Plaintiff has failed to demonstrate the existence of a justiciable controversy between Plaintiff and GF. As a result, this Court lacks subject matter jurisdiction over Plaintiff's claims against GF. *Boyer Works*, 2022 WL 1266090, at *1, *3 (dismissing claims under federal patent, trademark, copyright, and antitrust laws and New York state law).

---

[3] Gandbold's claims against GF make a proverbial error: "*Don't shoot the messenger.*"

Additionally, Gandbold's state law claims of defamation and tortious interference with business relations cannot stand. Gandbold alleges injury from GF and Hershey reporting Ganbold's violations of the HERSHEY'S mark to Amazon.com. Complaint ¶¶ 59-70. It is undisputed, however, that Amazon.com reserves the right to remove or restrict any seller on its platform that violates the intellectual property rights of others or otherwise violates Amazon.com's policies. Madsen ¶ 7, Exhibit 1. Gandbold's defamation claim fails because plausible reports of trademark violation are neither false nor malicious. *E.g., Lombardo v. Dr. Seuss Enters., L.P.*, No. 16 Civ. 9974 (AKH), 2017 WL 1378413, at *7-8 (S.D.N.Y. Apr. 7, 2017) (dismissing defamation claim arising from accusations of trademark infringement). GF did not make any infringement report to Amazon.com on its own behalf. GF submitted reports to Amazon.com only as an agent of Hershey pursuant to and in accordance with Hershey's instructions. Madsen ¶ 14. Thus, in *CDC Newburgh Inc. v. STM Bags, LLC*, the court dismissed allegations of tortious interference because "removal of listings on an e-commerce platform does not constitute harm to the underlying business relationship with the platform." 692 F. Supp. 3d 205, 224 (S.D.N.Y. 2023); *Camelot SI, LLC v. ThreeSixty Brands Grp. LLC*, 632 F. Supp. 3d 471, 482-83 (S.D.N.Y. 2022) (accord).

Finally, voluntary dismissal does not insulate Plaintiff from an award of attorney fees. In a similar situation, where the plaintiff voluntarily dismissed its claims in the face of a dismissal with prejudice, this Court stated that the plaintiff "thereby tacitly recogniz[ed] the futility of its claims" and that defendant was the "prevailing party." Report & Recommendation, *ID Tech LLC v. Toggle Web Media LLC*, No. 1:20-cv-05949-EK-RER, ECF 45 at 4 (E.D.N.Y. Oct. 10, 2023), *report and recommendation adopted*, 2024 WL 1332725 (E.D.N.Y Mar. 28, 2024) (granting motion for attorney fees against plaintiff). In another such situation, the court granted

an award of attorney fees to defendant under the copyright act where plaintiff voluntarily dismissed its claims only days after filing suit. *Great Am. Fun Corp. v. Hosung N.Y. Trading, Inc.*, No. 96-cv-2986(LAK), 1997 WL 129399 (S.D.N.Y. Mar. 21, 1997). "Defendants engaged in substantial research, witnessed in part by their uncovering of the fact that plaintiff did not own the copyright upon which it sued and . . . the moment of reckoning was only hours away when plaintiff discontinued the suit." *Id.* at *2. Here, GF put substantial effort into responding to Plaintiff's claims *against Hershey*, yet by voluntary dismissal, Plaintiff has reserved the right to sue GF at any time on the same claims. An award of fees will deter Plaintiff from bringing such claims against GF—claims without merit, without subject matter jurisdiction, and lacking personal jurisdiction in this Court.

## IV.    CONCLUSION

For the foregoing reasons, the Court should award GF its reasonable attorney fees in defending against this action, through Gandbold's voluntary dismissal (ECF 24).

Dated:  April 15, 2025                    STOEL RIVES LLP


                                          By: /s/ Joshua G. Gigger
                                          _____
                                          Joshua Gigger (admitted *pro hac vice*)
                                          josh.gigger@stoel.com
                                          STOEL RIVES LLP
                                          201 S Main St., Suite 205
                                          Salt Lake City, Utah 84111

                                          Attorney for Gray Falkon, LLC

-11-

128585349.3 0082945-00002

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of April 2025, I caused a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT GRAY FALKON, LLC'S MOTION FOR ATTORNEY FEES to be filed electronically with the Clerk of the Court via the Court's CM/ECF system, which will send notification of such filing to all counsel of record. All participants in the case who have entered an appearance are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *Ann-Marie Liddell*

12

128585349.3 0082945-00002