**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
GANDBOLD PARTNERS, LLC,

                    Plaintiff,

    v.

HERSHEY CHOCOLATE & CONFECTIONERY
LLC and GRAY FALKON, LLC,

                    Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

24-cv-7942 (OEM) (LGD)

**LEE G. DUNST**, Magistrate Judge:

    Plaintiff Ganbold Partners LLC ("Ganbold")[1] resells candies and chocolates on websites such as Amazon.com. Electronic Case Filing ("ECF") No. 1 ¶ 17. Naturally, those candies and chocolates bear trademarks owned by their original manufacturers, such as Hershey.

    Defendant Gray Falkon, LLC ("GF") enforces intellectual property rights on the Internet by detecting and providing notices of infringement. ECF No. 22 ¶ 5. Defendant Hershey retained GF to act as its agent in combatting infringement of its trademarks on Amazon. *Id.* ¶ 6.

    In November 2024, Amazon removed from its online marketplace certain Ganbold listings that included Hershey chocolates. ECF No. 1 ¶ 51. Amazon apparently took down these listings in response to infringement notices that GF sent at Hershey's direction. *Id.* ¶¶ 52-55.

    Because Ganbold was left unable to resell Hershey products on Amazon, it sued Hershey and GF seeking declaratory relief that its resale did not infringe Hershey's marks. *Id.* ¶¶ 71-79. Ganbold also sought damages for defamation (*id.* ¶¶ 80-94) and tortious interference with its business relationship with Amazon (*id.* ¶¶ 95-113).

---

[1] The parties dispute whether Plaintiff's name is Gandbold or Ganbold. The Court will refer to Plaintiff as Ganbold.

GF responded by moving to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction. ECF No. 20 (motion to dismiss); ECF No. 21 (memorandum of law); ECF No. 22 (declaration in support). In support, GF proffered evidence that, as an agent of Hershey, it has no ownership interest of its own in the Hershey mark. ECF No. 22 ¶ 14. GF also provided evidence of its limited ties to this forum, including that it is a Utah company, it has no office in New York, it does hardly any business in New York, and it only sent the infringement notices to Amazon (a Washington company). *Id.* ¶¶ 2-4, 9. Ganbold's ties to this forum are equally unclear, according to GF, as Ganbold is ostensibly a Wyoming company with a Wyoming address and Wyoming registered agent. *Id.* ¶¶ 10-11.

Rather than opposing GF's jurisdictional arguments, Ganbold instead opted to voluntarily dismiss GF without prejudice. *See* ECF No. 24. Soon after, Ganbold reached a settlement with Hershey, bringing this case to a close. *See* ECF No. 27; May 2, 2025 Order (District Judge Orelia E. Merchant's Order closing the case).

Following its dismissal, GF now moves the Court to award it attorney's fees that it incurred preparing its defense in the case. ECF No. 25 (the "Motion")[2]; ECF No. 26 (memorandum in support). GF argues that the Court should award it fees under the Lanham Act's fee-shifting provision, 15 U.S.C. § 1117(a), or alternatively, under the Court's inherent powers to impose sanctions.[3] ECF No. 26 at 5.

In ruling on GF's Motion, the Court need only determine two things, as set forth below: (1) whether GF is a prevailing party under the Lanham Act, and (2) whether Ganbold acted in

---

[2] GF's Motion is before the undersigned for a Report and Recommendation per Judge Merchant's April 16, 2025 referral Order. *See* April 16, 2025 Order.

[3] GF's Motion indicates that it is also based on 28 U.S.C. § 1927. *See* ECF No. 25. But GF never cites to that statute or makes any argument under it in its supporting memorandum of law. *See generally* ECF No. 26. The Court, therefore, interprets GF's Motion to only argue that the Court should award fees under the Lanham Act or under its inherent powers.

2

bad faith. GF has shown neither. Therefore, for the reasons that follow, the undersigned respectfully recommends that the Court deny GF's Motion.

## I. BACKGROUND

### A. GF's Motion for Attorney's Fees

The thrust of GF's argument is that the Court should award it fees because Ganbold forced GF to defend claims that were exceptional, frivolous, and vexatious.[4] *See id.* According to GF, Ganbold's purported bases of personal jurisdiction over it, and subject matter jurisdiction for its infringement claim, were—and continue to be—utterly meritless. *Id.* at 6-9. GF also contends that Ganbold's pendent state-law defamation and tortious interference claims were legally insufficient. *Id.* at 10. Thus, GF's Motion repackages several arguments that it made in its uncontested (and now moot) motion to dismiss while mounting additional attacks on the merits of Ganbold's defamation and tortious interference claims.

First, with respect to personal jurisdiction, GF highlights the lack of a clear connection of its actions to New York and points to the lack of clarity regarding Ganbold's purported transacting of business in New York. ECF No. 26 at 6-7. GF argues that it didn't direct any purposeful contacts to New York because Ganbold's Complaint merely alleges that GF (Utah company) sent infringement notices to Amazon (Washington company) on behalf of Hershey (Pennsylvania company). *Id.* Moreover, GF argues that, as alleged, it doesn't purposefully transact any business in New York—the Complaint only alleges in conclusory fashion that GF "does business in New York." *Id.* Further, according to GF, all publicly available information

---

[4] As the Court will explain in greater detail below, these are legal terms of art. The Lanham Act's fee-shifting provision permits the Court to award fees in a trademark action to a "prevailing party" in "exceptional cases." *See* 15 U.S.C. § 1117(a). And the Court may award fees as a sanction under its inherent powers where parties act in bad faith, vexatiously, or wantonly. *See infra* Section II.B.

indicates only that Ganbold is a Wyoming company that operates from Wyoming without any sort of operation in New York.[5]  *Id.*  For these reasons, GF contends, it completely lacked any expectation that it could be haled into federal court in New York as a result of its actions, making "this case 'exceptional' under the Lanham Act." *Id.* at 7-8.  GF concludes that "[a]warding attorney fees to GF is a fitting and just sanction . . . for [Ganbold's] unfounded allegations of personal jurisdiction . . . ." *Id.* at 8.

Second, with respect to subject matter jurisdiction, GF argues that Ganbold lacks standing to assert its trademark claim against it.  *Id.*  GF contends that Ganbold's injury was caused solely by Hershey as the trademark owner.  *Id.*  GF also maintains that judicial relief would not redress Ganbold's injuries because only Hershey has the power to retract its asserted trademark rights, and only Amazon has the ability to permit Ganbold to sell on its online marketplace.  *Id.* at 8-9.

Third, GF attacks the legal sufficiency of Ganbold's pendent state-law defamation and tortious interference claims, arguing that (1) the tortious interference claim fails because Amazon reserves the right to remove or restrict any seller on its platform, and (2) the defamation claim fails because GF's infringement notice was neither false nor malicious.[6]  *Id.* at 10.

---

[5] Ganbold claims that it operates out of New York and that its New York operation should have been obvious to GF.  ECF No. 28 at 4.  The most that Ganbold has proffered on the record is that it has "an address at 3563 Maple Court, Oceanside, New York 11572" (ECF No. 1 ¶ 5) and that it "operates its business from Oceanside, New York" (ECF No. 28 at 4).  Plaintiff has provided no additional evidence in the form of a sworn declaration, exhibits, or otherwise of its purported operation in New York aside from these conclusory statements.  On the other hand, GF produced three documents (as exhibits to a sworn declaration in support of its motion to dismiss) that contradict Ganbold's assertion that its New York-based operation was clear: (1) Ganbold's Amazon seller page, which lists Ganbold's location as Wyoming (ECF No. 22-2), (2) public business information from the Wyoming Secretary of State's website that lists Ganbold as a Wyoming company with a principal address and registered agent in Wyoming (ECF No. 22-3), and (3) public business information from the New York Secretary of State's website that does not list any information regarding Ganbold (ECF No. 22-4).

[6] GF makes neither of these arguments in its original motion to dismiss.  *See* ECF No. 21 at 13.  Instead, in that motion, GF argues that because Ganbold lacks standing to assert a trademark infringement claim against it (the only federal claim in the case), the Court should decline to exercise supplemental jurisdiction over the defamation and tortious interference claims.  *Id.*

4

Finally, GF argues that even though it was voluntarily dismissed without prejudice by Judge Merchant, it is still a prevailing party under the Lanham Act's fee-shifting provision because Ganbold's voluntary dismissal of GF in response to its motion to dismiss was purportedly a tacit recognition of the weakness of its claims. *Id.* at 10-11.

### B. Ganbold's Opposition to GF's Motion for Attorney's Fees

Ganbold begins its opposition by responding to GF's arguments regarding the purported lack of personal jurisdiction over it and subject matter jurisdiction over Ganbold's claims. ECF No. 28 at 3-7. Ganbold then argues that the Court is not authorized by the Lanham Act to award GF fees because they are not a prevailing party, and this is not an exceptional case. *Id.* at 8-13. Ganbold concludes by arguing that the Court should decline to impose a fee award as a monetary sanction because it did not act in bad faith. *Id.* at 13-15.

First, Ganbold contends that there is personal jurisdiction over GF in this forum. Ganbold's argument is essentially as follows: (1) the Complaint alleges that GF intentionally filed false infringement notices with Amazon, (2) the Complaint also alleges that, as a result of the false notices, Amazon removed Ganbold's listings, (3) the removal of Ganbold's listings necessarily affected Ganbold's sales and activities in New York "given that Plaintiff operates its business from Oceanside, New York," and (4) GF thus took express action aimed at New York and should have foreseen that its actions would have an effect in New York. *Id.* at 4-5. Ganbold further contends that GF itself transacts business in New York through its "interactive website" that makes its services publicly available to New York residents.[7] *Id.*

---

[7] Although not necessary to resolve GF's Motion, the Court finds this argument problematic. Ganbold, in essence, argues that the Court has personal jurisdiction over GF because as a Wyoming company that apparently does some uncertain degree of business in New York, it allegedly felt harm here and because Defendant operates a publicly available website that can be accessed—and occasionally used—by New York residents (even though directing nothing purposeful to New York). Taken to its logical extreme, it's hard to see, under Ganbold's view, what forum would not have personal jurisdiction over a party in an e-commerce dispute. Nothing about GF's

5

Second, Ganbold argues that there is subject matter jurisdiction for its trademark claim against GF because Hershey authorized GF to assert its trademark and GF could further assert the mark in the future by sending more takedown notices (thus creating a cognizable harm).[8] *Id.* at 6-7.

Ganbold then contends that the Lanham Act does not authorize the Court to award GF fees because (1) GF is not a prevailing party because the Court did not award any relief to GF and the Court dismissed them without prejudice, and (2) this case is not exceptional because it was objectively reasonable for it to sue GF as the party who sent the infringement notice causing the delisting at issue. *Id.* at 7-13.

Finally, Ganbold claims that the Court should decline to award attorney's fees under 28 U.S.C. §1927 or the Court's inherent powers because it did not act in an unreasonable manner, in a vexatious manner, or in bad faith. *Id.* at 13-14.

## II. LEGAL STANDARD

### A. Lanham Act

In a trademark action, the Lanham Act provides that the Court "may award reasonable

---

takedown notice was aimed at New York: it was sent directly from GF to Amazon, two non-resident companies. ECF No. 26 at 6-7. And it's not even clear that Ganbold—a Wyoming company with a principal place of business and registered agent in Wyoming—has any sort of operation in New York aside from Ganbold's conclusory assertion that it maintains an office in Oceanside. As for GF's website, it is open to anyone nationwide, and only a small fraction of its sales/services actually go to New York. *Id.* The Court is unconvinced that the claim arose from any transacting of business in New York or intentional act directed toward this forum. *See, e.g.*, *Zelvin v. H Heritage, Inc.*, No. 23-CV-8022, 2024 WL 3742526, at *4 (S.D.N.Y. Aug. 9, 2024) (finding that the court lacked personal jurisdiction over non-domiciliary that operated a website that generally could be accessed by New York consumers where plaintiff "fail[ed] to provide any evidence demonstrating that [d]efendant has purposely availed itself of New York"); *Romero v. 88 Acres Foods, Inc.*, 580 F. Supp. 3d 9, 15 (S.D.N.Y. 2022) ("The mere existence of an interactive website that is accessible in New York . . . is not sufficient to exercise personal jurisdiction. Personal jurisdiction can be exercised only if [d]efendant used the Website to 'purposely avail' itself of the forum state.").

[8] Ganbold also addresses GF's argument that it made in its motion to dismiss (but not here) that the Court should decline to exercise supplemental jurisdiction over Ganbold's pendent state-law defamation and tortious interference claims. ECF No. 28 at 7; *see also supra* note 6. Because GF failed to make that argument in its present Motion, the Court need not address it. *See* ECF No. 26 at 10 (addressing only the underlying merits of the pendent state-law claims).

6

attorney fees to the prevailing party" in "exceptional cases." 15 U.S.C. § 1117(a).

A "prevailing party" under the Lanham Act is one who "secures a judgment on the merits or a court-ordered consent decree." *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-CV-1254, 2024 WL 4250359, at *2 (S.D.N.Y. Sept. 20, 2024) (alteration omitted) (quoting *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 163 (2d Cir. 2014)). A party also prevails when "there is a material alteration of the legal relationship of the parties and any action so dismissed could not be brought again." *Id.* (internal quotation marks omitted) (quoting *Carter*, 759 F.3d at 165).

An "exceptional case" is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Makina Ve Kimya Endustrisi A.S. v. A.S.A.P. Logistics LTD*, No. 22-CV-3933, 2025 WL 1742570, at *1 (S.D.N.Y. June 24, 2025) (internal quotation marks omitted) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)); *see also Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 530 (2d Cir. 2018) (holding that the *Octane Fitness* standard applies to Lanham Act cases). Courts are to engage in the "exceptional case" inquiry by evaluating the totality of circumstances, including factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Makina*, 2025 WL 1742570, at *1 (quoting *Sleepy's LLC*, 909 F.3d at 530).

### B. The Court's Inherent Powers

Courts have the "inherent power to sanction a party or an attorney who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Rothman v. Complete Packing & Shipping Supplies, Inc.*, No. 22-CV-2821, 2024 WL 4350433, at *2 (E.D.N.Y. Sept. 30, 2024) (quoting *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013)). In order to impose sanctions

7

under its inherent powers, the court must find that "(1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) (internal quotation marks omitted) (quoting *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018)). This finding "must be made by clear and convincing evidence." *Manus v. Pincione*, No. 23-CV-6149, 2025 WL 560750, at *3 (S.D.N.Y. Feb. 20, 2025).

A court may "infer bad faith when a party undertakes frivolous actions that are 'completely without merit.'" *Huebner*, 897 F.3d at 55 (quoting *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 116 (2d Cir. 2000)). Courts are "particularly unwilling to infer bad faith from meritless jurisdictional allegations," and a court "should exercise an abundance of caution before inferring bad faith from an improper assertion of personal jurisdiction because the 'jurisprudence of personal jurisdiction is an occasionally confusing and complex area of the law.'" *Dwelling Mgmt., Inc. v. Mission 8, LLC*, No. 23-CV-02593, 2023 WL 8307986, at *3 (S.D.N.Y. Dec. 1, 2023) (citation and alteration omitted).

### III.  DISCUSSION

Ganbold's arguments regarding personal jurisdiction and subject matter jurisdiction are thin. But even so, GF is still not entitled to attorney's fees. GF has shown neither that they are a prevailing party under the Lanham Act, nor that Ganbold acted in bad faith. Therefore, for the reasons that follow, the undersigned recommends that the Court deny GF's Motion in its entirety.

#### A.  Defendant Gray Falkon is Not a "Prevailing Party" Under the Lanham Act

Here, GF did not prevail in the traditional sense—it did not "secure[] a judgment on the merits or a court-ordered consent decree"—rather, the Court dismissed it without prejudice. *See Fashion Exch. LLC*, 2024 WL 4250359, at *2. Thus, to show that it is a prevailing party, GF must prove that its dismissal was "a material alteration of the legal relationship" between it and

8

Ganbold and that the "action so dismissed could not be brought again." *See id.*

The fact that GF's dismissal was without prejudice plainly answers this question—Ganbold could, at any time, reassert its claims against GF. Thus, GF is not a prevailing party: the legal relationship between Ganbold and GF has not materially changed such that Ganbold could not bring its action against GF again. *See id*; *see also, e.g.*, *Jiangsu Huari Webbing Leather Co. v. Joes*, No. 23-CV-02605, 2024 WL 20931, at *7 (S.D.N.Y. Jan. 2, 2024) (finding that defendants were not prevailing parties where plaintiff "voluntarily dismissed its case without prejudice"); *Polaris Images Corp. v. ENTtech Media Grp. LLC*, No. 19-CV-8208, 2020 WL 2904865, at *2 (S.D.N.Y. June 3, 2020) ("[A] voluntary dismissal without prejudice involves neither a judicial sanction, because it is a unilateral action taken by the plaintiff without involvement from the court, nor a change in the legal relationship of the parties, because the plaintiff is free to resurrect her claim if she so wishes.") (collecting cases).

GF's only argument that they are a prevailing party under the Lanham Act is that Ganbold's voluntary dismissal of GF in response to its motion to dismiss was purportedly a tacit recognition of the weakness of its claims. ECF No. 26 at 10-11. The Court is entirely unconvinced. In support of this claim, the only decision[9] that GF can point to is *ID Tech LLC v. Toggle Web Media LLC*, No. 20-CV-05949, 2023 WL 10553658 (E.D.N.Y. Oct. 10, 2023), *report and recommendation adopted*, 2024 WL 1332725 (Mar. 28, 2024), which involved an award of attorney's fees where the plaintiff voluntarily dismissed the defendant rather than amending their complaint. *ID Tech LLC*, 2023 WL 10553658, at *1. That decision is readily

---

[9] GF also cites to *Great Am. Fun Corp. v. Hosung N.Y. Trading, Inc.*, No. 96-CV-2986, 1997 WL 129399 (S.D.N.Y. Mar. 21, 1997), for the proposition that a litigant could be considered a prevailing party even where they are voluntary dismissed without prejudice. ECF No. 26 at 11. Aside from that decision being nearly thirty years old, it's based on circuit precedent that has long been overruled in light of the Supreme Court's decision in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001).

9

distinguishable because the plaintiff there eventually voluntarily dismissed the defendant with prejudice. *See id.*

Therefore, because GF is not a prevailing party under the Lanham Act, the Court lacks discretion to award GF fees under the Lanham Act's fee-shifting provision.

**B.     Gray Falkon is Not Entitled to Attorney's Fees Under the Court's Inherent Powers**

For GF to show that they are entitled to fees under the Court's inherent powers, it must prove by clear and convincing evidence that (1) Ganbold's "claims were entirely without color," and (2) that Ganbold's "claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Huebner*, 897 F.3d at 55; *see also Manus*, 2025 WL 560750, at *3.

The Court need not go further than the second prong, as GF failed to show that Ganbold acted in bad faith. The most that GF argues is that Ganbold vexatiously named it in this suit based on what it contends are clear jurisdictional deficiencies and weaknesses in Ganbold's claims.[10] ECF No. 26 at 8-11. Though GF rightly points out weaknesses in Ganbold's claims, those possible defects do not prove that Ganbold acted for any improper purposes in bringing them. *See, e.g.*, *Dwelling Mgmt., Inc.*, 2023 WL 8307986, at *3 (declining to find bad faith even where "Plaintiff lacked any basis to assert personal jurisdiction in New York" because "there were some facts supporting [p]laintiff's assertion of personal jurisdiction," and therefore "[p]laintiff's jurisdictional allegations were not entirely meritless"). Despite the limited connection of Ganbold's claims to this forum, it was entirely reasonable for it to bring in GF— the sender of the infringement notice that caused the delisting at issue—into this case. And when

---

[10] GF makes these arguments in support of its argument that this case was exceptional under the Lanham Act rather than when calling on the Court's inherent powers. ECF No. 26 at 8.

10

Ganbold resolved its claims with Hershey, it moved quickly to dismiss its claims against GF. *See* ECF No. 24.

Therefore, because there is no evidence that Ganbold acted in bad faith in naming GF in this suit, the Court should decline to award attorney's fees to GF under its inherent power.

## IV. CONCLUSION

For the reasons set forth in this Report and Recommendation, the undersigned respectfully recommends that the Court deny Defendant Gray Falkon, LLC's Motion for Attorney's Fees (ECF No. 25) in its entirety.

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Merchant. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

Dated: Central Islip, New York
August 5, 2025

**SO ORDERED**:

s/ Lee G. Dunst

**LEE G. DUNST**
United States Magistrate Judge

11